UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JOHN W. BOYD JR. <br><br> and <br><br> NATIONAL BLACK FARMERS ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES SCOTT FARRIN <br><br> and <br><br> ANDREW H. MARKS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 12-1893 (PLF) |

MEMORANDUM OPINION AND ORDER

This is an action for breach of contract, breach of fiduciary duty, and quantum meruit brought by the plaintiffs against two attorneys. The defendants are among the lawyers serving as class counsel in In re Black Farmers Discrimination Litigation, Misc. No. 08-0511 (D.D.C.), over which the undersigned presides. The gravamen of the plaintiffs' complaint is that the defendant attorneys have failed to compensate the plaintiffs for advocacy and lobbying work that the plaintiffs allegedly performed in support of Congressional legislation that benefitted the class members in the class action. Upon filing their complaint in this action, the plaintiffs designated In re Black Farmers as a "related case," indicating that it "involves common issues of

fact." See Dkt. No. 2. The plaintiffs' action cannot properly be deemed related to In re Black Farmers under the local rules of this Court, however, and the Court therefore will transfer the case to the Calendar and Case Management Committee for random reassignment.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." Tripp v. Executive Office of President, 196 F.R.D. 201, 202 (D.D.C. 2000). The "fundamental rationale" for this rule "is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." Id. Local Civil Rule 40.5, more commonly referred to as the "related case rule," establishes an exception that "rests primarily on considerations of judicial economy" and aims to prevent the inefficiency inherent in having two judges "handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." Id. Under Local Civil Rule 40.5, civil cases "are deemed related when the earliest is still pending on the merits in the District Court" and when at least one of four additional requirements is met, including a requirement that the two actions "involve common issues of fact." LCvR 40.5(a)(3). "The party who seeks to avoid random reassignment bears the burden of showing that the cases are related under a provision of Rule 40.5(a)(3)." Dale v. Executive Office of President, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).

Under the pertinent Rule, In re Black Farmers does not qualify as related to this case because it is no longer pending on the merits and does not involve common issues of fact. On October 27, 2011, the Court entered an Order and Judgment in In re Black Farmers granting final approval to the parties' settlement agreement and dismissing the case. See In re Black

2

Farmers Discrimination Litigation, 820 F. Supp. 2d 78 (D.D.C. 2011). The Court retains jurisdiction over the action solely for the purpose of enforcing the settlement agreement and addressing ancillary matters such as attorneys' fees. Id. at 85. "Other than the Court's retention of jurisdiction over these few matters typically reserved to courts after the approval of a settlement or entry of a consent decree," the action "has been completely resolved and is no longer 'pending on its merits.'" Keepseagle v. Glickman, 194 F.R.D. 1, 2 (D.D.C. 2000). In the context of Local Civil Rule 40.5, as elsewhere, "the general rule is that a case which has settled is no longer pending on the merits," and such cases therefore may not be deemed "related." Stewart v. O'Neill, 225 F. Supp. 2d 16, 19 (D.D.C. 2002); accord Keepseagle v. Glickman, 194 F.R.D. at 2; Doe v. Von Eschenbach, Civil Action No. 06-2131, 2007 WL 1655881, at *1 (D.D.C. Jun. 7, 2007); Burt Lake Band of Ottawa And Chippewa Indians v. Norton, Civil Action No. 01-0703, 2001 WL 1701669, at *1 n.1 (D.D.C. Jun. 15, 2001).[1]

Moreover, "except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken" — something that already has occurred in In re Black Farmers — "because the case would not be appealable absent a final judgment." Keepseagle v. Glickman, 194 F.R.D. at 3. Because In re Black Farmers no longer is "still pending on the merits," LCvR 40.5(a)(3), it cannot be deemed related to this action.

---

[1] As these decisions make clear, the presence of unresolved attorneys' fee questions does not render a case "pending." See Doe v. Von Eschenbach, 2007 WL 1655881, at *1 ("This case is not related to Anthrax I under Rule 40.5(a)(3) because Anthrax I is no longer 'pending on the merits.' Although, the motion for attorneys' fees is still pending in Anthrax I, litigation over attorneys' fees is not generally considered to be part of the merits of a case.") (citing Kaseman v. Dist. of Columbia, 444 F.3d 637, 641 (D.C. Cir. 2006)).

Even in the absence of this barrier, the "related case" designation would not apply here because the two cases do not "involve common issues of fact." LCvR 40.5(a)(3)(ii). <u>In re Black Farmers</u>, like its predecessor case, <u>Pigford v. Glickman</u>, Civil Action No. 97-1978 (D.D.C.), centered on allegations of widespread racial discrimination in lending by the United States Department of Agriculture against African American farmers, with a cause of action rooted in the Equal Credit Opportunity Act. The present case, by contrast, is a common law diversity action based primarily on the alleged existence of certain representation and compensation agreements between private parties; it is a breach of contract and fiduciary duty case. "The issues that may arise in this dispute" are "far removed from the race discrimination [] claims alleged" in the earlier action, <u>Stewart v. O'Neill</u>, 225 F. Supp. 2d at 20, bearing (at most) a tangential relationship to a single facet of the attorneys' fee question still to be resolved in that action.[2] This tangential connection to the "collateral" matter of attorneys' fees, see <u>Kaseman v. Dist. of Columbia</u>, 444 F.3d at 641, would not render <u>In re Black Farmers</u> a related case under Local Civil Rule 40.5(a)(3) even if it were still pending on the merits.

Accordingly, for the reasons stated above, it is hereby

ORDERED that this case be transferred to the Calendar and Case Management Committee for random reassignment.

SO ORDERED.

DATE: 12/10/12

PAUL L. FRIEDMAN
United States District Judge

---

[2] In short, Mr. Boyd maintains that his advocacy efforts were responsible for much of the benefit secured on behalf of the plaintiffs in <u>In re Black Farmers</u> for which class counsel allegedly now takes credit.